UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| WILLIE RAY SMITH, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 3:19-cv-01841-S |
| § | |
| SUMMIT MIDSTREAM PARTNERS, LP, § | |
| § | |
| Defendant. § | |

**DEFENDANT'S MOTION TO COMPEL PLAINTIFF'S PRODUCTION OF DOCUMENTS RESPONSIVE TO DEFENDANT'S FIRST REQUEST FOR PRODUCTION AND FOR SANCTIONS**

Defendant Summit Midstream Partners, LP ("Summit" or "Defendant") files this Motion to Compel Plaintiff's Production of Documents Responsive to Defendant's First Request for Production and for Sanctions (the "Motion"), and states the following:

### I.   INTRODUCTION

After months of Defendant's unanswered requests that Plaintiff produce documents responsive to Defendant's Request for Production or, at the very least, provide some explanation of the status of Plaintiff's document production, Defendant is forced to seek the Court's intervention to compel Plaintiff to comply with his discovery obligations, just days before the scheduled deposition of Defendant's employee. Because Plaintiff's conduct has been contumacious and has prejudiced Defendant in its defense of this case, Defendant requests the Court stay the proceedings, including the deposition of Defendant's employee, and otherwise justly sanction Plaintiff and award Defendant its reasonable attorney's fees incurred in bringing this Motion.

## II.     RELEVANT FACTUAL AND PROCEDURAL HISTORY

1.     This lawsuit was filed by Summit's former employee, Plaintiff Willie Ray Smith ("Smith" or "Plaintiff"), on August 1, 2019.  After two amendments to the Complaint, the Second Amended Complaint (the "Complaint") is the operative pleading in this matter.  Plaintiff alleges that Defendant violated Title VII by denying him promotional opportunities and terminating his employment in August 2015, because of his race.

2.     On October 21, 2019, Plaintiff served his initial disclosures, pursuant to Fed. R. Civ. P. 26(a)(1).  In conjunction with these disclosures, Plaintiff produced various W2s, his offer letter for the position he held with Summit, and two Summit documents he retained related to third-party testing and inspections of gas samples.

3.     On December 19, 2019, Defendant served its First Set of Interrogatories and First Request for Production to Plaintiff. APP. 01-28.

4.     Plaintiff served his objections and answers to Defendant's First Set of Interrogatories on January 27, 2019.[1]  Accompanying his answers, Plaintiff produced documents related to his efforts to find employment after his separation from employment with Summit and a witness statement.

5.     On January 30, 2019, Plaintiff served his objections and written responses to Plaintiff's First Request for Production.  APP. 29-35.  Plaintiff produced signed authorizations with his written responses but no other documents.

6.     In response to most of the requests, Plaintiff responded that he "will produce to the extent that he has in his possession." *Id.*

---

[1] Defendant agreed to a 10-day extension of time for Plaintiff to serve his responses to Defendant's First Set of Interrogatories and First Request for Production.

7. On February 28, 2020, Plaintiff served supplemental answers to Defendant's First Set of Interrogatories. With his supplemental answers, Plaintiff produced the same Summit records he previously produced with his disclosures in October 2019.

8. During a telephone conference on April 30, 2020, Defendant's counsel notified Plaintiff's counsel that Defendant had not received records responsive to its First Request for Production. Plaintiff's counsel assured Defendant's counsel that he had produced documents responsive to Defendant's First Request for Production and asserted that he had a return receipt to prove it. Defendant's counsel requested that Plaintiff's counsel provide the return receipt identifying who in Defendant's counsel's office received the records.

9. On May 4, 2020, Plaintiff's counsel emailed Defendant's counsel attaching two return receipts which he claimed established that he produced documents responsive to Defendant's First Request for Production. APP. 36-41. The receipts, however, were dated October 21, 2019 and January 27, 2020—the dates Plaintiff served his disclosures and answers to interrogatories, respectively. *Id.*

10. Defendant's counsel, again, requested clarification on Plaintiff's document production, specifically requesting that Plaintiff identify whether the documents he produced with his initial disclosures and answers to interrogatories were the totality of documents responsive to Defendant's Request for Production.[2] APP. 36. Plaintiff's counsel did not respond.

11. Again, on May 26, 2020, Defendant's counsel inquired about the status of Plaintiff's document production. APP. 42.[3] Plaintiff's counsel responded stating that he would

---

[2] Upon information and belief, Plaintiff produced witness statements and Summit records to the EEOC that have not been produced in this lawsuit.
[3] In this communication, Defendant's counsel informed Plaintiff's counsel that she would file a motion to compel if records were not produced by the end of the week.

**DEFENDANT'S MOTION TO COMPEL PLAINTIFF'S**
**PRODUCTION OF DOCUMENTS RESPONSIVE TO DEFENDANT'S**
**FIRST REQUEST FOR PRODUCTION AND FOR SANCTIONS – PAGE 3**
FP 38016170.1

check with his secretary to determine if he's produced all relevant documents in his possession. APP. 42. Defendant's counsel never heard back from Plaintiff's counsel in this regard.

12. In a final attempt to resolve this discovery dispute without the Court's intervention, on June 10, 2020, Defendant's counsel advised Plaintiff's counsel that she would file a motion to compel if Plaintiff's counsel did not produce documents responsive to Defendant's First Request for Production by Friday, June 12, 2020. APP. 44. Plaintiff's counsel did not produce any records or provide any explanation for his failure to do so.

13. Meanwhile, Defendant has responded to Plaintiff's interrogatories and multiple requests for production, produced over 600 pages of documents, and has agreed to produce a company witness for deposition on Friday, June 19, 2020.

14. As a result of Plaintiff's counsel's recalcitrance, Defendant is now required to seek the Court's intervention and requests that the Court sanction Plaintiff's counsel for his willful noncompliance with his discovery obligations and award Defendant its reasonable attorney's fees incurred in bringing this Motion. Defendant requests the Court stay the proceedings, including the deposition of Defendant's employee, until the Court's order is obeyed.

15. Defendant further requests a hearing on the Court's expedited discovery hearing docket.

### III. LEGAL ARGUMENT

Fed. R. Civ. P. 37(d) vests the Court with broad discretion to fashion an appropriate sanction for a party's failure to serve answers, objections, or other written responses after being served with written discovery. Appropriate sanctions may include:

- Prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
- Striking pleadings in whole or in part;

- Staying further proceedings until the order is obeyed; or
- Dismissing the action in whole or in part.

Fed. R. Civ. P. 37(d)(3) (referencing available sanctions under Fed. R. Civ. P. 37(b)(2)(A)(i)-(vi)).

The Rule further provides that:

> Instead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

*Id*.

As demonstrated above, Plaintiff has intentionally and contumaciously avoided complying with his discovery obligations under the Federal Rules of Civil Procedure by refusing to produce records responsive to Defendant's First Request for Production.

Plaintiff's willful noncompliance has substantially and unfairly prejudiced Defendant in its ability to gather facts, documents, and information to enable it to fully and fairly defend Plaintiff's claims. Now, Defendant is faced with defending a witness deposition without the benefit of Plaintiff's document production. Plaintiff's disregard for the discovery process has also caused delay in these proceedings, as Defendants have lost valuable time during the discovery period. Additionally, as a result of Plaintiff's conduct, Defendant has incurred attorney's fees chasing Plaintiff to produce records and moving for Court intervention and sanctions. For these reasons, Defendant respectfully requests that the Court grant its Motion. Defendant respectfully request that the Court stay the proceedings, specifically including the deposition of Defendant's employee until Plaintiff has complied with his discovery obligations.

Additionally, Plaintiff's agreement to produce documents in his "possession" is insufficient. Federal Rule of Civil Procedure 34 requires that Plaintiff, as the responding party, produce the responsive documents not just in his possession but within his custody or control.

Defendant further requests that, in granting this Motion, the Court require that Plaintiff produce responsive documents in his possession, custody, or control.

## IV.     CONCLUSION

Defendant respectfully requests that the Court grant its Motion, require Plaintiff to produce documents responsive to Defendant's First Request for Production within his possession, custody, or control within seven days of the Court's order, stay the proceedings, including the deposition of Defendant's employee, award Defendant its reasonable attorney's fees and costs incurred in bringing this Motion and otherwise justly sanction Plaintiff for his willful noncompliance with his obligations under the Federal Rules of Civil Procedure.

Respectfully submitted,

By:     */s/ Arthur V. Lambert*
Arthur V. Lambert
Texas State Bar No. 11841250
ATTORNEY-IN-CHARGE
Dana T. Chang Dikas
Texas State Bar No. 24110975
FISHER & PHILLIPS LLP
500 N. Akard Street, Suite 3550
Dallas, TX  75201
Tel: (214) 220-9100
Fax: (214) 220-9122
alambert@fisherphillips.com

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF CONFERENCE**

The undersigned certifies that on April 30, 2020, May 4, 2020, May 26, 2020 and June 10, 2020, I conferred with James E. Polk, counsel for Plaintiff, regarding the relief sought in this Motion and Plaintiff's counsel has not complied with Defendant's counsel's requests for the relief sought by this Motion.

*/s/ Dana T. Chang Dikas*
Dana T. Chang Dikas

## CERTIFICATE OF SERVICE

  I hereby certify that on June 16, 2020, a copy of this instrument was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF System.

              */s/ Arthur V. Lambert*
              Arthur V. Lambert